FILED

MAY 2 2 2019

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

*1.'19-MJ-00019*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

EUDELL DELANO DICKERSON, JR.
DAVID STANLEY

Criminal No. 19-30
(18 U.S.C. §§ 371 and 2314)
~~[UNDER SEAL]~~

FILED

MAY 07 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## SUPERSEDING INDICTMENT

### COUNT ONE

The grand jury charges:

### THE CONSPIRACY AND ITS OBJECTS

1.    From in and around February 2017, and continuing thereafter until in and around January 2018, in the Western District of Pennsylvania, the Western District of Virginia, and elsewhere, the defendants, EUDELL DELANO DICKERSON, JR. and DAVID STANLEY, knowingly and willfully did conspire, combine, confederate and agree with each other and with others known and unknown to the grand jury to transport, transmit and transfer in interstate commerce certain goods, wares and merchandise that were stolen, namely, specialized mining equipment/components, of the value of $5,000 or more, knowing the same to have been stolen, converted and taken by fraud in violation of Title 18, United States Code, Section 2314.

### MANNER AND MEANS OF THE CONSPIRACY

2.    It was a part of the conspiracy that the defendants, EUDELL DELANO DICKERSON, JR. and DAVID STANLEY, recruited others, known and unknown to the grand jury, to steal specialized mining equipment/components from mining companies located in the Commonwealth of Pennsylvania, the Commonwealth of Virginia, Commonwealth of Kentucky and elsewhere.

3.    It was further a part of the conspiracy that the defendants, EUDELL DELANO

DICKERSON, JR. and DAVID STANLEY, and others known and unknown to the grand jury,

caused to be transported the stolen specialized mining equipment/components across state lines,

including from the Commonwealth of Pennsylvania to West Virginia and from the Commonwealth

of Virginia to West Virginia.

<u>OVERT ACTS</u>

4.    In furtherance of the conspiracy, and to effect the objects of the conspiracy, the

defendants, EUDELL DELANO DICKERSON, JR. and DAVID STANLEY, and others known

and unknown to the grand jury, did commit and cause to be committed, the following overt acts,

among others, in the Western District of Pennsylvania, the Western District of Virginia, the Eastern

District of Kentucky, and the Northern District of West Virginia, and elsewhere:

a.    From in and around February 2017, and continuing thereafter until in and

around January 2018, the defendants, EUDELL DELANO DICKERSON, JR. and DAVID

STANLEY, instructed individuals known and unknown to the grand jury to steal specialized

mining equipment/components from mining companies in the Commonwealth of Pennsylvania

and the Commonwealth of Virginia.

b.    From in and around February 2017, and continuing thereafter until in and

around January 2018, the defendants, EUDELL DELANO DICKERSON, JR. and DAVID

STANLEY, and others known and unknown to the grand jury, did drive or cause to be driven

vehicles owned by EUDELL DELANO DICKERSON, JR, and DAVID STANLEY across state

lines.

c.    From in and around February 2017, and continuing thereafter until in and

around January 2018, the defendants, EUDELL DELANO DICKERSON, JR. and DAVID

STANLEY, and others known and unknown to the grand jury, did enter, without the authorization to do so, the premises owned by mining companies located in the Commonwealth of Pennsylvania the Commonwealth of Virginia, and the Commonwealth of Kentucky.

        d.      From in and around February 2017, and continuing thereafter until in and around January 2018, the defendants, EUDELL DELANO DICKERSON, JR. and DAVID STANLEY, sold the stolen goods, that is, the specialized mining equipment/components, at a company in West Virginia and elsewhere.

        In violation of Title 18, United States Code, Section 371.

## COUNT TWO

The grand jury further charges:

From in and around February 2017, until in and around May 2017, in the Western District of Pennsylvania, the defendants, EUDELL DELANO DICKERSON, JR. and DAVID STANLEY, and others known and unknown to the grand jury, did unlawfully cause to be transported and transferred in interstate commerce from the Commonwealth of Pennsylvania to the State of West Virginia, certain goods, wares and merchandise that were stolen, namely, specialized mining equipment/components, of the value of $5,000 or more, knowing the same to have been stolen, converted and taken by fraud.

In violation of Title 18, United States Code, Section 2314.

A True Bill,

SCOTT W. BRADY
United States Attorney
PA ID No. 88352

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

EUDELL DELANO DICKERSON, JR.
DAVID STANLEY

Criminal No. 19-30
[UNDER SEAL]

**FILED**

MAY 07 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady,

United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant

United States Attorney for said District, and submits this Superseding Indictment Memorandum

to the Court:

## I.     THE SUPERSEDING INDICTMENT

A federal grand jury returned a two (2) count Superseding Indictment against the

above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS |
|---|---|---|---|
| One | Conspiracy to Transport Stolen Goods in Interstate Commerce From in and around February 2017 through in and around January 2018 | 18 U.S.C. § 371 | DICKERSON STANLEY |
| Two | Transportation of Stolen Goods in Interstate Commerce From in and around February 2017 through in and around May 2017 | 18 U.S.C. § 2314 | DICKERSON STANLEY |

## II.   ELEMENTS OF THE OFFENSES

### A.   As to Count One:

In order for the crime of Conspiracy to Transport Stolen Goods in Interstate Commerce, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That two (2) or more persons agreed to commit offenses against the United States, as charged in the Superseding Indictment;

2.   That the defendant was a party to or member of that agreement;

3.   That the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one (1) other alleged conspirator to achieve that objective that is, that the defendant and at least one (1) other alleged conspirator shared a unity of purpose and the intent to achieve the common goal or objective, to commit an offense against the United States; and

4.   That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

### B.   As to Count Two:

In order for the crime of Transportation of Stolen Goods in Interstate Commerce, in violation of 18 U.S.C. § 2314, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the goods, wares, or merchandise were stolen.

2.   That the defendant transported, transmitted or transferred the property in interstate or foreign commerce, or caused the property to be transported, transmitted or transferred.

2

3.      That at the time of the transportation, transmission, or transferral, the defendant knew the property was stolen, converted or taken by fraud.

4.      That the value of the property was $5,000 or more.

## III.   PENALTIES

**A.   As to Count One:  Conspiracy to Transport Stolen Goods in Interstate Commerce (18 U.S.C. § 371):**

1.      A term of imprisonment of not more than five (5) years (18 U.S.C. § 371);

2.      A fine not more than the greater of;

(a)     $250,000 (18 U.S.C. § 3571(b)(3));

or

(b)     an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3.      A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

4.      Any or all of the above.

**B.   As to Count 2: Transportation of Stolen Goods in Interstate Commerce (18 U.S.C. § 2314):**

1.      A term of imprisonment of not more than 10 years (18 U.S.C. § 2314);

2.      A fine not more than the greater of:

(a)     $250,000 (18 U.S.C. § 3571(b)(3));

or

3

(b)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. §3571(d));

3.    A term of supervised release of not more than three (3) years (18 U.S.C. §3583);

4.    Any or all of the above.

## IV.    MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.    RESTITUTION

Restitution may be required in this case as to Counts One and Two, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI.  FORFEITURE

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

REBECCA L. SILINSKI
Assistant United States Attorney
PA ID No. 320774

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                                    Crim. No. 19-30

DAVID STANLEY

<u>REQUEST FOR DETENTION</u>

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorney for said District, and, pursuant to 18 U.S.C. §§ 3142(e) and (f), hereby requests detention of the above-named defendant, and sets forth the following material factors in support thereof:

☒    1.    That no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of any other person and the community because:

        ☐    a.    Defendant is a danger to any other person or the community, and/or;

        ☒    b.    Defendant is a flight risk.

☒    2.    That the government is entitled to a detention hearing based upon the following:

        ☐    a.    Defendant is charged with a crime of violence as defined in 18 U.S.C. § 3156; or

        ☐    b.    Defendant is charged with an offense for which the maximum sentence is life imprisonment or death; or

☐   c.   Defendant is charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. § 1901 et seq.); or

☐   d.   Defendant is presently charged with a felony and has been convicted of two or more offenses described in subparagraph a-c above, or two or more State or local offenses that would have been offenses described in subparagraphs a-c above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

☐   e.   Defendant is charged with a felony which is not a crime of violence, but which involves: a minor victim, possession or use of a firearm or destructive device (as those terms are defined in 18 U.S.C. § 921) or any other dangerous weapon, or the failure to register under 18 U.S.C. § 2250 (as required by the Sex Offender Registration and Notification Act); or

☒   f.   That a serious risk exists that defendant will flee; or

☒   g.   That a serious risk exists that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

☐   3.   That a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community, in that the present case involves an offense described in paragraphs 2a-2e above and:

    ☐   a.   Defendant has been convicted of a Federal offense described in subsection 2a-2e above, or of a State or local offense that would have been an offense described in subsection 2a-2e above if a circumstance giving rise to Federal jurisdiction had existed; and

    ☐   b.   The offense described in paragraph 3a above was committed while defendant was on release pending trial for a Federal, State or local offense; and

    ☐   c.   A period of not more than five years has elapsed since the date of defendant's conviction or release from imprisonment for the offense described in paragraph 3a, whichever is later.

☐   4.   That a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community, in that there is probable cause to believe that:

    ☐   a.   Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), the

Maritime Drug Law Enforcement Act (46 U.S.C. App. § 1901 <u>et seq.</u>);or

☐    b.    Defendant committed an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b, or an offense involving a minor victim under Sections    1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of Title 18.

☐    5.    A Continuance of _____ day(s) is requested for the detention hearing based upon the following reasons:

_____

_____

☐    6.    Good cause for a continuance in excess of three days exists in that:

_____

_____

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

By: _____

REBECCA L. SILINSKI
Assistant U.S. Attorney
PA ID No. 320774